# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 5:05CV49-H

| | |
|---|---|
| BOYCE E. MCCLAIN, | ) |
| Plaintiff, | ) |
| vs. | ) **MEMORANDUM AND ORDER** |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on the "Defendant's Motion to Dismiss Complaint and Memorandum in Support ..." (document #7), filed August 1, 2005; and the "Plaintiff's Response ..." (document #8) filed August 29, 2005. On September 1, 2005, the Defendant filed its "Reply ..." (document #9).

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c), and this motion is now ripe for disposition.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will <u>grant</u> the Defendant's motion, as discussed below.

### I. FACTUAL AND PROCEDURAL HISTORY

The Plaintiff, Boyce E. McClain, is an Iredell County, North Carolina resident and a veteran of the armed services of the United States. Prior to March 2001, the Plaintiff had been receiving medical treatment at the VA Medical Center in Salisbury, North Carolina ("VAMC").

On March 9, 2001, the Plaintiff filled "numerous" prescriptions at the VAMC pharmacy. He alleges, however, that in addition to his prescribed medication, the pharmacist also gave him a bottle

of Diazepam that was prescribed for another patient.

The Plaintiff alleges that he was unaware of the error and believing that the Diazepam was intended for him, he took it and soon became "tired, lethargic, and eventually ill, requiring medical attention." "Complaint" at 2 (document #1).

On October 31, 2001, the Plaintiff filed an administrative claim at the appropriate Regional Counsel's office for the Department of Veteran's Affairs ("the VA"), seeking $20,000 in damages.

On October 10, 2002, the VA denied the Plaintiff's claim by certified letter dated and mailed that day to both Plaintiff and his counsel. The letter clearly stated that if the Plaintiff was dissatisfied with the agency's determination that he could either file a request for reconsideration with the VA, or file a lawsuit in federal district court. The letter further informed the Plaintiff that his request for reconsideration must be <u>received</u> by the VA "prior to the expiration of six months from the date of mailing" of the denial letter, and that if he elected to file a lawsuit he must do so before the same date.

On April 11, 2003, that is, six months and one day after the date of mailing of the initial denial letter, Plaintiff, through his counsel, e-mailed his request for reconsideration to the Office of General Counsel for the VA. In his e-mail, plaintiff's counsel stated "[p]lease acknowledge this [e-mail] as notice of the referenced claimant's request for reconsideration of the denial of his administrative tort claim." On April 15, 2003, VA counsel acknowledged the receipt of the e-mail.

On October 28, 2004, the VA denied the Plaintiff's request for reconsideration by certified letter, but did not state the basis for the denial, that is, whether the second denial was based on the merits of the Plaintiff's claim or his failure timely to file the request for reconsideration.

On April 27, 2005, that is, one day before a six-month period following the mailing of the

second denial letter would have expired, the Plaintiff filed this lawsuit, alleging one claim for negligence and seeking $20,000 in compensatory damages, including $4,900 in medical expenses.

On August 1, 2005, the Defendant filed its Motion to Dismiss, contending that the Plaintiff's failure to file a timely request for reconsideration barred the Defendant from taking any further administrative action on the claim and, further, deprived this Court of subject matter jurisdiction over the Plaintiff's Complaint.

In his response, the Plaintiff does not dispute the procedural history recounted above, does not offer any excuse for or explanation of why his filing was delayed, admits that the six-month period for filing either an administrative request for reconsideration or a lawsuit began when the denial letter was mailed on October 10, 2003, but nevertheless contends that his time to file a request for reconsideration did not expire until April 11, 2003.

The Defendant's motion has been fully briefed and is, therefore, ripe for determination.

## II. **DISCUSSION**

As the Supreme Court has stated, "the United States, as sovereign, is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Testan, 424 U.S. 392, 399 (1976), citing United States v. Sherwood, 312 U.S. 584, 586 (1941). While the Federal Tort Claims Act ("FTCA") does waive sovereign immunity under certain conditions, strict compliance with those conditions must be observed. McNeil v. United States, 508 U.S. 106, 113 (1993) (affirming dismissal where pro se plaintiff failed to "strict[ly] adhere[] to [FCTA's] procedural [and timing] requirements").

Relevant to the subject action, the FTCA provides that a plaintiff has six months from the date of mailing of the denial of an administrative claim within which either to (1) file his lawsuit

3

in district court, or (2) file a request for reconsideration with the agency. 28 U.S.C. § 2401(b); 28 C.F.R. § 14.9(b). Where a plaintiff files a timely request for reconsideration, the six-month period for filing a lawsuit is tolled until six months after his request for reconsideration is denied. Id.

In the event, however, that a plaintiff fails to file either a lawsuit or request for reconsideration within the prescribed period, his claim is "forever barred." 28 U.S.C. § 2401(b). In other words, compliance with these requirements is a prerequisite to the district court's subject matter jurisdiction. Accord McNeil, 508 U.S. at 113 (requiring strict adherence to FTCA's filing period); Berti v. V.A. Hospital, 860 F. 2d 338, 340 (9th Cir. 1988) (only timely request for reconsideration would have tolled the six-month period concerning lawsuit filed after denial of that request); and Joelson v. United States, 86 F.3d 1413, 1422 (6th Cir. 1996) (plaintiff failed to comply with administrative prerequisites for bringing an action under the FTCA, and therefore court lacked jurisdiction).

The Fourth Circuit Court of Appeals has never stated or even considered the method for calculating the last day of the FTCA filing period at issue herein. In Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000) (applying AEDPA), however, where the calculation of a one-year period was at issue, the court held that where the triggering event occurred on April 24, 1996, the one-year period expired on April 24, 1997, that is, the same month and day, one year later. Id.

Moreover, circuit courts applying the six-month period stated in 28 U.S.C. § 2401(b) have uniformly held that the period expires six months later on the same day of the month that the period began. See, e.g., Vernell v. United States Postal Service, 819 F.2d 108, 111 (5th Cir. 1987); McDuffee v. United States, 769 F.2d 492, 493 (8th Cir. 1985); Allen v. Veterans Admin., 749 F.2d 1386, 1388 (9th Cir. 1984); and Kollios v. United States, 512 F.2d 1316, 1316-17 (1st Cir. 1975).

District courts within this circuit that have considered the subject six-month period have reached the same conclusion. See Gibbs v. United States, 34 F. Supp.2d 405, 406 (S.D.W.Va. 1999) (where denial mailed March 17, 1998, request for reconsideration or lawsuit due on September 17, 1998, and complaint filed September 18, 1998 dismissed for lack of subject matter jurisdiction); and T & S Rentals v. United States, 164 F.R.D. 422, 423 (N.D.W.Va. 1996) (where denial mailed October 5, 1994, request for reconsideration was due no later than April 5, 1995).

Applying these well-settled legal principles to the undisputed record in this case, the Court lacks subject matter jurisdiction over the Plaintiff's claim and the Complaint must be dismissed. Accord Vernell, 819 F.2d at 111; McDuffee, 769 F.2d at 493; Allen v. Veterans Admin., 749 F.2d at 1388; and Kollios, 512 F.2d at 1316-17; Gibbs, 34 F. Supp.2d at 406; and T & S Rentals, 164 F.R.D. at 423.

Having failed to strictly adhere to FTCA's filing requirements, even by a single day, the Plaintiff's claim is "forever barred," 28 U.S.C. § 2401(b), that is, the six-month period to file this action was not tolled by the Plaintiff's untimely request for reconsideration, the Complaint was not timely filed, and there is no basis for subject matter jurisdiction. Accord McNeil, 508 U.S. at 113 (affirming dismissal where pro se plaintiff failed to "strict[ly] adhere[] to [FTCA's] procedural [and timing] requirements"); Berti, 860 F. 2d at 340 (only timely request for reconsideration would have tolled the six-month period concerning lawsuit filed after denial of that request); and Gibbs, 34 F. Supp.2d at 406 (dismissing complaint filed one day late).

## III. ORDER

**NOW, THEREFORE, IT IS ORDERED:**

1. The "Defendant's Motion to Dismiss Complaint" (document #7) is **GRANTED** and the Complaint is **DISMISSED WITH PREJUDICE**.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED, ADJUDGED, AND DECREED.**

**Signed: September 7, 2005**

Carl Horn, III
United States Magistrate Judge